TRACY L. WILKISON
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
JOHN D. ELLIS (Cal. Bar No. 322922)
Assistant United States Attorneys
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2740
    Facsimile:  (213) 894-0115
    E-mail:    john.ellis3@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>MAGDI HANNA,<br><br>    Defendant. | No. 8:22-cv-00179<br><br>COMPLAINT TO REDUCE CIVIL PENALTY ASSESSMENTS TO JUDGMENT |

## **COMPLAINT**

The United States of America (United States), on behalf of its agency the Internal Revenue Service (IRS), brings this action to reduce to judgment unpaid civil penalty assessments, late-payment penalties, and interest owed by Magdi Hanna (Hanna). The United States complains and alleges on information and belief as follows.

### **Authorization for Suit**

1.     This action is brought pursuant to 31 U.S.C. § 3711(g)(4)(C) and in accordance with 31 U.S.C. § 5321 at the direction of the Attorney General of the United States and at the request of and with the authorization of the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States.

//

**Jurisdiction and Venue**

2.     The district court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1340 because the action arises under the laws of the United States and the United States is the plaintiff.

3.     Venue properly lies in the Central District of California under 28 U.S.C. § 1391(b)(1) because Hanna resides within the judicial district.  Venue is further proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the United States' claims in this action occurred within the judicial district.

**Hanna Failed to File FBARs**

4.     Section 5314 of Title 31 of the United States Code requires United States citizens to report certain transactions and relationships with foreign financial agencies.

5.     Under section 5314's implementing regulations, "[e]ach United States person having a financial interest in, or signature or authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which that relationship exists.

6.     The relationship must be reported to the IRS on Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts.  That form is commonly called an "FBAR."  An FBAR is due no later than June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."

7.     Hanna was a naturalized United States citizen at all relevant times.

8.     During 2010, 2011, 2012, and other years, Hanna had a financial interest in, signature authority over, and/or otherwise controlled at least two financial accounts outside of the United States.

9.     Specifically, Hanna had a financial interest in or signature authority over at least two foreign financial accounts at Credit Suisse (CS) in Zurich, Switzerland, between 2000 and 2016.

10.     Hanna's CS accounts were opened in the name of corporations owned

and/or controlled by Hanna.

11.     Hanna used an Egyptian passport to open the CS accounts.

12.     Hanna did not disclose to CS at any time that he was a U.S. citizen.

13.     The first CS account over which Hanna had signature authority or control was opened in the name of Istar Invest Corp.  The account number associated with this account ends in -5784.

14.     The second CS account over which Hanna had signature authority or control was opened in the name of Gemini Corp.  The account number associated with this account ends in -6992.

15.     During 2010, 2011, and 2012, Hanna's CS accounts together contained at least $7 million, $6 million, and $6 million, respectively.

16.     Hanna was required by law to file FBARs reporting his financial interests in the CS accounts for the years 2010, 2011, and 2012.

17.     Hanna, however, did not file timely FBARs disclosing his CS accounts for 2010, 2011, or 2012.

### Hanna's Failure to File FBARs was Willful

18.     Hanna willfully failed to file FBARs for the 2010, 2011, and 2012 calendar years.

19.     Hanna is an educated and sophisticated businessman.

20.     Hanna holds, among other credentials, bachelor's and master's degrees in chemical engineering.

21.     Hanna owns, among other business interests, an engineering company, a sandwich shop, and various real estate ventures.

22.     In 2000 Hanna funded the CS accounts using funds from Egyptian bank accounts he held jointly with a relative, A.M.

23.     At Hanna's direction, funds were transferred from CS's Cairo branch to CS's Zurich branch.

24.     Hanna filed federal income tax returns (Forms 1040) for the 2010, 2011,

and 2012 tax years.

25.    Hanna hired I.B., a certified public accountant, to file his income tax returns for 2010, 2011 and 2012.

26.    Hanna prepared his 2010, 2011, and 2012 returns as follows.  Hanna provided I.B. various tax documents and other information necessary to prepare his returns.  I.B. then used the information provided by Hanna to prepare the returns for filing and, if necessary, asked Hanna for additional information.  After preparing the returns, I.B. would send the draft returns to Hanna for review and approval.  Hanna would then authorize I.B. to file the completed returns.

27.    In preparing Hanna's 2010, 2011, and 2012 federal income tax returns, I.B. sent Hanna a tax organizer which asked, among other things, whether Hanna had a financial interest in or signature authority over a financial account in another country and whether Hanna received any income from a foreign country.

28.    Hanna never completed or returned the tax organizers sent by I.B.

29.    Between 2005 and 2012, Hanna received over $1,700,000 of income in relation to his CS accounts.

30.    Hanna did not disclose any of the income associated with his CS accounts to I.B.

31.    Hanna did not report any of the income associated with his CS accounts on his federal income tax returns for the 2005 through 2012 tax years.

32.    Nor did Hanna disclose the existence of his CS accounts during I.B.'s preparation of Hanna's 2010, 2011, or 2012 tax returns.

33.    The draft returns prepared by I.B. for 2010, 2011, and 2012 (among other tax years) included a Schedule B, Interest and Dividends.

34.    Schedule B required Hanna to report any interest or dividends, whether domestic or foreign, that he received during the tax year.

35.    Hanna did not report any of the interest or dividends associated with his CS accounts on the Schedule Bs for 2010, 2011, and 2012.

4

36.    The Schedule Bs also asked Hanna to state whether he had a financial interest in or signature authority over a financial account located in a foreign country.

37.    Hanna checked a box on Schedule B of his 2010 and 2011 tax returns indicating that he did not have ownership or signature authority over foreign accounts for those years.

38.    In 2012 Hanna did not respond to the question on Schedule B asking whether he had a financial interest in or signature authority over a financial account located in a foreign country.

39.    Hanna signed his federal income tax returns for 2010 and 2011 under penalty of perjury, thus averring that the return and accompanying schedules, including Schedule B, were true and correct and that he did not have any financial interest in or signature authority over any foreign financial accounts.

40.    Because of his CS accounts, Hanna was required was required to file an FBAR for each of the 2010, 2011, and 2012 calendar years no later than June 30, 2011, June 30, 2012, and June 30, 2013, respectively.

41.    Hanna, however, failed to timely file FBARs for the 2010, 2011, and 2012 calendar years.

42.    As of June 30, 2011, June 30, 2012, and June 30, 2013, Hanna's CS together contained at least $10,000 in the aggregate.

**Reduction of Assessment to Judgment**

43.    Under 31 U.S.C. § 5321(b)(1), the IRS is ordinarily required to assess FBAR penalties no later than six years after the date of the violation.

44.    Hanna extended by agreement the date by which the IRS could assess FBAR penalties for the 2010, 2011, and 2012 calendar years until June 30, 2020.

45.    On or around March 2, 2020, the IRS assessed one willful FBAR penalty against Hanna for each of the 2010, 2011, and 2012 calendar years.  Each penalty was in the amount of $100,000.  Together, the penalties totaled $300,000.

46.    Each FBAR penalty at issue in this case was timely assessed.

47.     On or around March 10, 2020, notice and demand for payment of the FBAR penalties described in paragraph 45 was sent to Hanna at Hanna's last known address. Hanna, however, has not paid the FBAR penalties.

48.     Interest, as provided by law, has accrued on the penalties assessed against Hanna and remains unpaid.  Late payment penalties have also accrued.  As of March 5, 2021, the unpaid balance owed to the United States by Hanna for the assessed 2010, 2011, and 2012 FBAR penalties is $324,197, composed of FBAR penalties in the amount of $300,000, late-payment penalties in the amount of $18,148, and interest in the amount of $6,049.

49.     The United States is entitled to a judgment against Hanna in the amount of $324,197 plus additional accrued penalties, interest, and fees as provided by law.

WHEREFORE, the United States requests that the Court:

A.      Enter judgment against Hanna and in favor of the United States in the amount of $324,197, plus additional accrued penalties, interest, and fees as provided by law;

B.      Award the United States its costs in bringing this action, including all fees and collection costs incurred before or after the filing of this complaint; and

C.      Order any further relief it deems just and appropriate.

Dated:  February 3, 2022                    Respectfully submitted,

TRACY L. WILKISON
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

   /s/ John D. Ellis
JOHN D. ELLIS
Assistant United States Attorney

Attorneys for the United States of America